IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § § § § § | Chapter 11 Bankruptcy Case No. 22-60043 | |
| FREE SPEECH SYSTEMS, LLC, | | |
| Debtor. | | |

| | | |
|---|---|---|
| FREE SPEECH SYSTEMS, LLC, § § § § § § § § § § § § | | |
| Plaintiff, | | |
| v. | Adversary No. 23-03127 | |
| PQPR HOLDINGS LIMITED LLC, JLJR HOLDINGS, LLC, PLJR HOLDINGS, LLC, AEJ AUSTIN HOLDINGS, LLC, AEJ 2018 TRUST, CAROL JONES and DAVID JONES. | | |
| Defendants. | | |

**PLAINTIFF'S OPPOSITION TO JOINT MOTION OF THE SANDY HOOK FAMILIES FOR ENTRY OF AN ORDER PURSUANT TO FEDERAL RULE 24 AND BANKRUPTCY RULE 7024 PERMITTING INTERVENTION IN PQPR ADVERSARY PROCEEDING**

Free Speech Systems, LLC (the "Debtor" and sometimes referred to as "FSS" or "Plaintiff"), through its undersigned counsel, submits this opposition to the *Joint Motion of The Sandy Hook Families For Entry of an Order Pursuant to Federal Rule 24 and Bankruptcy Rule 7024 Permitting Intervention In PQPR Adversary Proceeding* (ECF No. 2)(the "Motion") and respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.  Neither 11 U.S.C. §1109 (the "Bankruptcy Code"), nor rule 24 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable by rule 7024 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") afford Movants any right to intervene in the PQPR Adversary.

2. It is well settled law in the Fifth Circuit that section 1109 of the Bankruptcy Code does not confer a statutory right to intervene in an adversary proceeding. *Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283 (5th Cir. 1985).

3. The claims asserted by the Debtor in the PQPR Adversary are entirely property of the estate and Movants make to assertion of the contrary. Movants have not asserted any right to prosecute those claims on behalf of the FSS bankruptcy estate since Petition Date under *Louisiana World Exposition v. Fed. Ins. Co.*, 858 F.2d 233 (5th Cir. 1988), nor would they satisfy the burden of proof necessary for the Court to entertain such a motion were it to be made.[1]

4. Movants do not have standing under Article III to the Constitution to pursue the causes of action stated in the PQPR Adversary. Further, Movants do not meet the requirements of Rule 24(a) for Mandatory Intervention because they lack the requisite direct interest in the proceeding, among other deficiencies. Permissive intervention is equally inappropriate because Movants have no claim or defense that shares a common question of law or fact with the claims asserted in the PQPR Adversary.

**RELEVANT BACKGROUND**

5. On July 29, 2022, FSS filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before this Court.

---

[1] "The express language of §§ 542, 547, 548, and 549 provide for only a trustee—not an individual creditor—to prosecute such causes of action. The judicially-created conditions allowing individual creditors to prosecute such claims are simply not present here. *See In re Digerati Techs., Inc.*, No. 13–33264–H4–11, 2014 WL 2123124, at *4 (Bankr.S.D.Tex. May 21, 2014) (citing *Louisiana World Exposition v. Federal Ins. Co.*, 864 F.2d 1147, 1153, n. 10 (5th Cir.1989))." *In re Smith,* 521 B.R. 767, 775 (Bankr. S.D. Tex. 2014)

6. During the pendency of the bankruptcy case, Movants have collectively obtained judgments against FSS in the approximate amount of $1.5 billion. Each of those judgments is being appealed by FSS.

7. The issue of the validity of PQPR's claims and liens, and the existence of claims and causes of action under chapter 5 of the Bankruptcy Code against PQPR and related parties have been prominent from the outset of this bankruptcy case. On August 31, 2022, PQPR Holdings Limited, LLC ("PQPR") filed its *Amened Motion to Direct the Subchapter V Trustee to Investigate the Financial Operations of the Debtor* [ECF No. 127]. PQPR's motion sought the expansion of the Subchapter V Trustee's powers to investigate the Debtor's past and present financial affairs, including the relationship between the Debtor and PQPR. The Debtor supported that motion.

*8.* On September 29, 2022, this Court entered its *sue sponte* order expanding the Subchapter V Trustee's duties [ECF No. 183]. Pursuant to that Order, the Subchapter V Trustee filed her *Initial Findings of Free Speech Systems, LLC Investigation*. [ECF No. 549]. That report identified numerous irregularities in the relationship between PQPR and FSS, among other matters.

9. On March 7, 2023, FSS filed its proposed Plan of Reorganization ("Plan"). [ECF No. 502]. The Plan proposed to transfer claims and causes of action against PQPR and related parties to the Subchapter V trustee to evaluate and if appropriate, prosecute. The proposed Plan treatment of those causes of action as currency to be conveyed to an independent party for prosecution is a common provision of a plan of reorganization.

10. During a status conference conducted by the Court on May 19, 2023, Counsel for the Connecticut contingent of the Movants advised this Court that it was incumbent upon FSS and its counsel to "take a position" on the validity of PQPR's debt and liens and questioned the

assignment of those claims to a trust under a plan. Moreover, in response to Debtor's counsel's concerns that certain parties would question the impartiality of the Debtor's pursuit of the PQPR claims and causes of action, counsel argued that in fact failure to pursue those claims would create the appearance of bias and prejudice. Counsel continued his remarks advising that Debtor's counsel would not be accused of any conflict of interest if the claims and causes of action were pursued by FSS.

11. Based on the comments of the Court and other parties at that hearing, FSS determined to prepare and file the PQPR Adversary. On July 14, 2023, FSS filed the PQPR Adversary naming PQPR together with a number of related entities and individuals as defendants. The causes of action asserted include avoidance actions under chapter 5 of the Bankruptcy Code, lien avoidance, claim disallowance and subordination, to name a few. The PQPR adversary shares some of the claims asserted by the Movants in a prepetition state court lawsuit, subsequently removed to this Court (the "TUFTA Lawsuit")[2].

12. The causes of action stated in the TUFTA Lawsuit consist entirely of causes of action which are property of the Debtor's bankruptcy estate. The PQPR Adversary includes causes of action not included in the TUFTA Lawsuit.

## ARGUMENT

**I.    The Movants Lack Standing to Intervene**

13. As an initial matter the Movants must demonstrate that they have standing to intervene in the PQPR Adversary. *In re Motors Liquidation Co.*, 430 B.R. 65, 92 (S.D.N.Y. 2010). Section 1109 of the Bankruptcy Code does not supplant the constitutional and prudential limitations on standing. In the Fifth Circuit it is clear that section 1109 alone does not confer

---

[2] See *Heslin, et. al. v. Free Speech Systems, et. al.*; Adversary No. 22-03331

standing to intervene in an adversary proceeding. *See Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283 (5th Cir. 1985).

14. At an absolute minimum, Article III standing requires that: (1) the plaintiff suffer an injury in fact; (2) the injury be fairly traceable to the challenged conduct; and (3) the injury will likely be redressed by a favorable decision from the court. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992). Movants have failed to allege standing in the Motion and do not discuss Article III standing at all. Likely due to their inability to satisfy the requirements set on *Lujan*. Instead, they skip directly to intervention under Federal Rule 24.

15. An Article III injury must be "actual or imminent," not merely "conjectural or hypothetical." *Id*. A party must also demonstrate "prudential standing" which requires "that a [party] generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." *Superior MRI Servs, Inc. v. Alliance Healthcare Servs, Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (citation omitted).

16. Movants' intervention is both constitutionally and prudentially barred. Movants injury is not traceable to the conduct challenged in the PQPR Adversary. There is no plausible connection between the injury sustained by Movants and the claims asserted in the PQPR Adversary and none is alleged in the Motion. The entire premise of the Motion is that Movants are a significant party in interest (indeed they represent 99% of the creditor body, should their judgements withstand challenge on appeal) and that they wish to intervene in order to maximize their recovery. Accordingly, they assert an economic interest in the PQPR Adversary.

17. However, Movants fail to state a sufficient nexus to the PQPR Adversary which confers constitutional or prudential standing. In *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) the Fifth Circuit held that "[A]n intervenor fails to show a sufficient interest when he

seeks to intervene solely for ideological, economic, or precedential reasons[.]"); In *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470 (5th Cir.1984) the Fifth Circuit denied intervention in a contract interpretation dispute when the movant's alleged entitlement to intervention rested solely on an economic interest. Here, Movants fail to meet the standard for prudential standing because all they have alleged is an economic interest in recoveries originating from this PQPR Adversary. The Motion should be denied for lack of standing.

**II.     The Movants Do Not Meet the Requirements for Mandatory Intervention Under Rule 24(a)**

19.     Mandatory Intervention imposes upon Movants the burden to demonstrate each of the following four elements:

> (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Brumfield v. Dodd,* 749 F.3d 339 (5th Cir. 2014)

20.     The requirements for mandatory intervention are conjunctive and the failure to meet any one of those requirements is fatal to the intervention sought. *See Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). FSS does not contest the timeliness of the Motion. To the contrary, the Motion was filed before the defendants in the PQPR Adversary have joined the adversary and consequently may be unable to weigh in on the Motion.

**B.     The Movants Lack a Direct Interest in the Adversary Proceeding**

21.     In order to meet the second requirement under Federal Rule 24(a), Movants' must show that their interest in the PQPR Adversary is "direct, substantial, [and] legally protectable." *Sierra Club*, 18 F.3d at 1207 (*citing Piambino v. Bailey,* 610 F.2d 1306, 1321 (5th Cir. 1980)); *See also, New Orleans Pub. Serv.*, 732 F.2d at 463. "An interest that is too contingent or speculative—

let alone an interest that is wholly nonexistent—cannot furnish a basis for intervention as of right." *Ungar v. Arafat,* 634 F.3d 461, 461–62 (1st Cir. 2011); *see also* 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 24.03 (2017) ("A claim based only on an indirect economic effect of some action is rarely considered the same as a protectable right or interest sufficient to justify intervention.").

22. Movants simply lack the requisite direct interest required for mandatory intervention. Movants were not parties to any transaction between FSS and any of the Defendants over any portion of the 13 year period that FSS and PQPR transacted business and only seek to intervene for economic reasons and that is insufficient to meet the requirements of Federal Rule 24(a). *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 470 (5th Cir.1984).

    **C.**    **The Movants Interests Are Adequately Represented**

23. No right to mandatory intervention exists where Movants interests are adequately represented. Movants economic interests in the PQPR Adversary are adequately represented. Movants rejected the Plan proposal to transfer estate causes of action to the subchapter V trustee and argued strenuously that FSS and its counsel were compelled to prosecute the PQPR Adversary. They further advised the Court that no conflict of interest would arise from FSS's prosecution of the PQPR Adversary. Rather they argued that the failure to prosecute such claims would give rise to questions of bias and partiality.

24. FSS is presumed to adequately represent Movants where they share the goal of maximizing the assets of the estate for the benefit of all creditors, unless the Movants can show "adversity of interest, collusion, or nonfeasance on the part of the existing party." *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996). The presumption of adequate representation "becomes especially robust where, as here, 'an existing party is under a legal obligation to

represent the interests asserted by the putative intervenor.' [citation omitted] 'In that event, the applicant's burden 'is at its most onerous' and requires a 'compelling showing' of inadequacy.'" *Costa v. Marotta, Gund, Budd & Dzera, LLC,* 281 F. App'x 5, 8–9 (1st Cir. 2008) (quoting *In re Thompson,* 965 F.2d 1136, 1142 (1st Cir. 1992).

25. Not only is such a showing not present here, but it is also contrary to representations made by Connecticut contingent of the Movants to the Court at the May 19, 2023, status conference. The only argument advanced by the Movants relates to potential divergence between FSS and Movants should FSS attempt to settle the PQPR Adversary. Should the Debtor seek to compromise the claims against the PQPR Adversary Defendants at some point in the future, Movants clearly have standing under section 1109 of the Bankruptcy Code to appear in opposition to that settlement. However, a potential future disagreement on a hypothetical settlement does not satisfy Movants' burden under Rule 24.

### III. Permissive Intervention Should be Denied.

26. Permissive intervention under Rule 24(b)(1)(B) is only appropriate when a party meets one of the following conditions:

> (A) [the party] is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

27. The Motion suggests that the sole consideration for permissive intervention is whether it will result in prejudicial delay[3]. Movants grossly misstate the law of permissive

---

[3] "In exercising its discretion to grant or deny permissive intervention, the Court must consider only "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3)." Motion at ¶24.

intervention. In the first instance they ignore the text of the Rule itself and gloss over the requirements of subsections (A) and (B),[4]

28. In this case, there is no "conditional right to intervene by federal statute" and none is cited by Movants. Further no common question of law or fact is cited by Movants and, indeed, none exists.

29. Even if the requirements of subsections A and B of Rule 24(b)(1) are met, the court permissive intervention remains wholly discretionary. *New Orleans Pub. Serv., Inc.* 732 F. 2d at 470-471. When considering a qualifying request for permissive intervention, the court is instructed to weigh other factors, including (i) whether the intervenors' interests are adequately represented by other parties and whether they will significantly contribute to full development of the underlying factual issues in the suit (*Id* at 472); (ii) nature and extent of [the intervenor's] interest; (iii) standing to raise relevant legal issues (*Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326 (9th Cir. 1977))

30. Movants failure to satisfy the requirements of Rule 24(b)(1) relieves the Court of the need to exercise its discretion. Nevertheless, were the Court to do so, Movants have failed to plead or present any evidence that FSS is incapable of prosecuting the PQPR Adversary. Finally, FSS would show that Movants' participation in the PQPR Adversary would almost certainly result in delay and increased burdens and cost to the estate.

31. Movants fail to meet the requirements for permissive intervention and their request should be denied.

### III.   Movants Have Not Complied with Rule 24(c)

---

[4] Permissive intervention "is wholly discretionary with the [district] court ... **even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied** [emphasis added]." *In re Smith*, 521 B.R. 767 at 778 (Bankr. S.D. Tex. 2014).

32. Rule 24(c) requires that a motion for intervention must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought". Movants have failed to indicate how their position will differ from FSS' position, beyond hypothetical divergence in the event of a settlement[5]. Movants provide no excuse for their failure to comply with Rule 24(c). In the absence of a reasonable excuse for their failure to comply with the rule, the Motion should be denied. *See Nat'l Elevator Indus., Inc. v. Int'l Union of Elevator Constructors*, 647 F. Supp. 976, 981 (S.D. Tex. 1986), a*ff'd sub nom. Nat'l Elevator v. Inter'l Union*, 806 F.2d 259 (5th Cir. 1986).

## RESERVATION OF RIGHTS

33. The Debtor reserves the right to amend or supplement this response and reserves all rights and remedies with respect to the Motion, the PQPR Adversary and this chapter 11 case.

## RELIEF REQUESTED

WHEREFORE, the Debtor respectfully requests that the Court deny Movants' Motion and grant any other further relief the Court deems appropriate under the circumstances.

---

[5] *PDVSA Servs., Inc. v. Transeguro C.A. de Seguros*, No. CIV.A. H-09-364, 2009 WL 2485590, at *3 (S.D. Tex. Aug. 6, 2009) (denying request for permissive intervention where party failed to comply with Rule 24(c) because "absence [of the pleading] makes it unclear as to what benefits [movant's] presence will add to th[e] suit"). *But see Florence v. Crain*, No. CIV.A. V-06-045, 2007 WL 4438144, at *4 (S.D. Tex. Dec. 17, 2007) (denying motion to intervene "because it does not comply with requirements of Fed. R. Civ. P. 24(c)").

Respectfully submitted this August 11, 2023.

                                           THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
                                           66 Granburg Circle
                                           San Antonio, Texas 78218
                                           Telephone (210) 601-9405
                                           Email: rbattaglialaw@outlook.com

By:  */s/ Raymond W. Battaglia*
       Raymond W. Battaglia
       Texas Bar No. 01918055

**ATTORNEYS FOR FREE SPEECH SYSTEMS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2023, a true and correct copy of the foregoing was served via the Court's ECF system to the parties registered to receive electronic service.

                */s/ Raymond W. Battaglia*
                Raymond W. Battaglia