IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Chapter 11** |
| **FREE SPEECH SYSTEMS LLC** | § | |
| | § | **Bankruptcy Case No. 22-60043** |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| **FREE SPEECH SYSTEMS LLC** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adversary No. 23-03127** |
| | § | |
| **PQPR HOLDINGS LIMITED LLC, JLJR** | § | |
| **HOLDINGS LLC, PLJR HOLDINGS LLC,** | § | |
| **AEJ AUSTIN HOLDINGS LLC, AEJ 2018** | § | |
| **TRUST, CAROL JONES and DAVID JONES** | § | |
| | § | |
| Defendants. | § | |

**PQPR HOLDINGS LIMITED LLC'S, JLJR HOLDINGS LLC'S**
**AND PLJR HOLDINGS LLC'S ANSWER TO AMENDED COMPLAINT**

PQPR Holdings Limited LLC ("PQPR"), JLJR Holdings LLC ("JLJR"), and PLJR

Holdings LLC ("PLJR") (collectively, "Defendants") file this answer to Free Speech System

LLC's ("FSS" or "Debtor") Amended Complaint (the "Complaint").

1.      Defendants admit that the Court has subject matter jurisdiction of this adversary

proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Defendants admit that this adversary proceeding is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2).

3.      Defendants admit that venue in this Court is proper under 28 U.S.C. §§ 1408 and

1409.

4.      Defendants admit statutory predicates for the relief requested in this Complaint are §§ 544, 547, 548, 550, and for lien avoidance under §506 and disallowance or subordination of claims under §§502 and 510 of title 11 of the United States Code and the Federal Rule of Bankruptcy Procedure 7001(1).

5.      Defendants admit the statements in paragraph 5.

6.      Defendants admit the statements in paragraph 6.

7.      Defendants admit the statements in paragraph 7.  JLJR is the manager and owns 20% of the membership interests of PQPR.

8.      Defendants admit the statements in paragraph 8.  PLJR owns 80% of the membership interests in PQPR.

9.      Defendants admit the statements in paragraph 9.  Carol Jones is the manager and owns 80% of the membership interests of JLJR.  Carol Jones is the manager and owns 10% of the membership interests of PLJR.

10.      Defendants deny the statements in paragraph 10.  Defendants admit that David Jones is the father of Alex Jones and owns an equity interest in JLJR.  However, Defendants deny that David Jones owns equity interests in PLJR.

11.      Defendants deny the statements in paragraph 11.  Defendants deny that AEJ Austin Holdings LLC ("AEJ") owns 80% of the membership interests in PLJR.  Rather, AEJ owns 90% of the membership interest in PLJR.

12.      Defendants admit the statements in paragraph 12.

13.      Defendants admit the statements in paragraph 13.

14.      Defendants admit that FSS produces and syndicates Alex Jones' radio and video talk shows from Austin, Texas, which air via radio stations and the InfoWars.com website, and

that FSS sells products.  Defendants lack knowledge to admit or deny the remainder of paragraph 14.

15.     Defendants admit the statements in paragraph 15.

16.     Defendants are unable to admit or deny paragraph 16 as stated.  PQPR is aware that other vendors refused to supply product to FSS, and PQPR purchased products with its own funds, which FSS/Alex Jones advertised and sold.

17.     Defendants admit the first sentence of paragraph 17.  Defendants deny the second sentence of paragraph 17.  PQPR purchased Supplements (as defined in the Complaint) using its own funds, which FSS advertised and sold to Alex  Jones' audience.  FSS agreed to pay PQPR all amounts received from sales of PQPR products.  FSS charged PQPR a fulfillment fee for each product sold and charged PQPR for advertising and a share of administrative expenses.  Defendants deny that no written agreement existed prior to November 2021.

18.     Defendants admit the statements in paragraph 18.

19.     Defendants admit that PQPR sells nutritional supplements as alleged in paragraph 19 but denied that it advertises its products exclusively through FSS/The Alex Jones Show.

20.     Defendants deny the statements in paragraph 20.  JLJR is the manager of PQPR.  Carol Jones is the manager of JLJR.  David Jones is involved in the daily operations of PQPR.

21.     Defendants admit the statements in paragraph 21.

22.     Defendants admit the first and last sentences of paragraph 22 but deny the remainder of the paragraph.

23.     Defendants deny the statements in paragraph 23.  Alex Jones has an indirect 72% membership interest in PQPR via his indirect 90% ownership in PLJR.

24.     Defendants admit the statements in paragraph 24.

25.     Regarding paragraph 25, Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants deny that JLJR is an insider of FSS.

26.     Defendants admit the statements in paragraph 26.

27.     Defendants admit the statements in paragraph 27.

28.     Defendants admit the statements in paragraph 28.

29.     Defendants admit the statements in paragraph 29.

30.     Defendants admit the statements in paragraph 30.

31.     Defendants admit the statements in paragraph 31.

32.     Defendants admit the statements in paragraph 32.

33.     Defendants admit the statements in paragraph 33.

34.     Defendants admit that default judgments were entered on the dates stated in paragraph 34.

35.     Defendants admit the statements in paragraph 35.

36.     Defendants deny the first sentence of paragraph 24 but admit the remainder of the paragraph.

37.     Defendants deny the statements in paragraph 37.

38.     In paragraph 38, Defendants deny overlapping ownership and common management between PQPR and FSS.  Defendants admit that at times, but not necessarily "all relevant times," David Jones maintained an office at FSS' leased premises.  Defendants admit that David Jones was involved in FSS' business operations, but otherwise deny FSS' characterization of the relationship. Defendants admit that David Jones served as Director of Human Resources for FSS for a period of time, but lack sufficient information to admit or deny the time period in which he served as such. Defendants deny the last sentence of paragraph 38.

39.     Defendants can neither admit nor deny the statements in paragraph 39 as written. Until 2022, PQPR operated out of FSS' physical space and utilized certain FSS employees for specific functions.

40.     Defendants deny the statements in paragraph 40.

41.     Defendants admit that FSS transferred payments to PQPR during the year prior to the Petition Date but lack knowledge or sufficient information to admit or deny the specific amount of transfers alleged in paragraph 41 at this time. Defendants are unable to admit or deny the allegations in the last sentence of paragraph 41 because the allegation lacks specificity.

42.     Defendants deny the statements in paragraph 42.

43.     Paragraph 43 is prefatory and does not require an admission or denial.

44.     Defendants lack knowledge or sufficient information to admit or deny the allegations in paragraph 44 at this time.

45.     To the extent the payments on Exhibit A to the Complaint were made by FSS to PQPR, which Defendants have not yet confirmed, Defendants admit the allegations in paragraph 45.

46.     Defendants are unable to admit or deny the allegations in paragraph 46 at this time.

47.     To the extent the payments on Exhibit A to the Complaint were made by FSS to PQPR, which Defendants have not yet confirmed, Defendants admit the allegations in paragraph 47.

48.     To the extent the payments on Exhibit A to the Complaint were made by FSS to PQPR, which Defendants have not yet confirmed, Defendants deny the allegations in paragraph 48.

49.     Defendants admit the allegations in paragraph 49.

50.     To the extent the payments on Exhibit A to the Complaint were made by FSS to PQPR, which Defendants have not yet confirmed, Defendants admit the allegations in paragraph 50.

51.     To the extent the payments on Exhibit A to the Complaint were made by FSS to PQPR, which Defendants have not yet confirmed, Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

53.     Paragraph 53 is prefatory and does not require an admission or denial.

54.     Defendants admit the allegations in paragraph 54(a)9(c).  Defendants are unable to admit or deny the allegations in paragraph 54(d) because the allegation lacks specificity.

55.     Defendants admit the allegations in paragraph 55 as to the transfers identified in paragraph 54(a)-(c), lack knowledge or sufficient information to admit or deny the allegations regarding transfers that are not specifically identified in the Complaint.

56.     Defendants deny the allegations in paragraph 56.

57.     Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants deny the allegations in paragraph 57.

58.     Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants deny the allegations in paragraph 58.

59.     Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants deny the allegations in paragraph 59.

60.     Paragraph 60 is prefatory and does not require an admission or denial.

61.     Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants deny the allegations in paragraph 61.

62.     Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants deny the allegations in paragraph 62.

63.     Paragraph 63 is prefatory and does not require an admission or denial.

64.     Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants lack knowledge or sufficient information to admit or deny the allegations in paragraph 64.

65.     Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants deny the allegations in paragraph 65.

66.     Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants deny the allegations in paragraph 66.

67.     Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants deny the allegations in paragraph 67.

68.     Paragraph 68 is prefatory and does not require an admission or denial.

69.     Paragraph 69 is a statement of law that need not be admitted or denied.

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants admit the allegations in paragraph 71.

72.     Defendants deny that they have any obligation to pay or surrender any payments or transfers to the Debtor as alleged in paragraph 72.

73.     Paragraph 73 does not require a response.

74.     Defendants deny the allegations in paragraph 74.

75.     Paragraph 75 is prefatory and does not require an admission or denial.

76.     Defendants admit the allegations in paragraph 76.

77.     Defendants admit the allegations in paragraph 77.

78.     Defendants are unable to admit or deny paragraph 78 because they have not reviewed the claims register in the FSS bankruptcy case.

79.     Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants deny the allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80.

81.     Defendants deny the allegations in paragraph 81

82.     Paragraph 82 is prefatory and does not require an admission or denial.

83.     Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants deny the allegations in paragraph 83.

84.     Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants deny the allegations in paragraph 84.

85.     Paragraph 85 is prefatory and does not require an admission or denial.

86.     Defendants admit the allegations in paragraph 86.

87.     Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants deny the allegations in paragraph 87.

88.     Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants deny the allegations in paragraph 88.

89.     Paragraph 89 does not require a response.

90.     Defendants specifically deny the allegations, averments, and claims for entitlement to relief set forth in the "RELIEF REQUESTED" section of the Complaint.   Defendants specifically deny that FSS is entitled to any relief or recovery as requested in the Complaint, and

Defendants pray that FSS take nothing in this action.  Defendants request that the relief requested

by FSS in this action be denied.

Dated: September 8, 2023                          Respectfully submitted,

                                                  By:  */s/ Stephen W. Lemmon*
                                                      Stephen W. Lemmon
                                                      Texas Bar No. 12194500
                                                      STREUSAND, LANDON, OZBURN &
                                                      LEMMON, LLP
                                                      1801 S. Mopac Expressway, Ste. 320
                                                      Austin, Texas 78746
                                                      Telephone:  (512) 236-9900
                                                      Facsimile:   (512) 236-9904
                                                      lemmon@slollp.com

                                                  ATTORNEYS FOR DEFENDANTS PQPR
                                                  HOLDINGS LIMITED LLC, JLJR HOLDINGS,
                                                  LLC, AND PLJR HOLDINGS, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing instrument has been served on this
8th day of September 2023, served via this Court's CM/ECF notification system to those parties
registered for service upon filing of the same.

                                                  */s/ Stephen W. Lemmon*
                                                  Stephen W. Lemmon