**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Chapter 11** |
| **FREE SPEECH SYSTEMS LLC** | § | |
| | § | **Bankruptcy Case No. 22-60043** |
| **Debtor.** | § | |
| | § | |

| | | |
|---|---|---|
| **FREE SPEECH SYSTEMS LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Adversary No. 23-03127** |
| | § | |
| **PQPR HOLDINGS LIMITED LLC, JLJR** | § | |
| **HOLDINGS LLC, PLJR HOLDINGS LLC,** | § | |
| **AEJ AUSTIN HOLDINGS LLC, AEJ 2018** | § | |
| **TRUST, CAROL JONES and DAVID JONES** | § | |
| | § | |
| **Defendants.** | § | |

**ORIGINAL ANSWER OF DEFENDANTS DAVID JONES, CAROL JONES AND AEJ**
**AUSTIN HOLDINGS LLC TO PLAINTIFF'S AMENDED COMPLAINT**

David Jones, Carol Jones, and AEJ Austin Holdings LLC (collectively, "Defendants") file

this answer to Free Speech System LLC's ("FSS" or "Debtor") Amended Complaint (the

"Complaint").

1.     Defendants admit that the Court has subject matter jurisdiction of this adversary

proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.     Defendants admit that this adversary proceeding is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2).

3.     Defendants admit that venue in this Court is proper under 28 U.S.C. §§ 1408 and

1409.

4.      Defendants admit statutory predicates for the relief requested in this Complaint are §§ 544, 547, 548, 550, and for lien avoidance under §506 and disallowance or subordination of claims under §§502 and 510 of title 11 of the United States Code and the Federal Rule of Bankruptcy Procedure 7001(1).

5.      Defendants admit the statements in paragraph 5.

6.      Defendants admit the statements in paragraph 6.

7.      Defendants admit the statements in paragraph 7.   JLJR is the manager and owns 20% of the membership interests of PQPR.

8.      Defendants admit the statements in paragraph 8.   PLJR owns 80% of the membership interests in PQPR.

9.      Defendants admit the statements in paragraph 9.  Carol Jones is the manager and owns 80% of the membership interests of JLJR.  Carol Jones is the manager and owns 10% of the membership interests of PLJR.

10.      Regarding paragraph 10, Defendants admit that David Jones is a resident of Austin, is the father of Alex Jones, and owns an equity interest in JLJR.  Defendants deny that David Jones owns an equity interest in PLJR.

11.      Defendants deny the statements in paragraph 11.  Defendants deny that AEJ Austin Holdings LLC ("AEJ") owns 80% of the membership interests in PLJR.  Rather, AEJ owns 90% of the membership interest in PLJR.

12.      Defendants admit the statements in paragraph 12.

13.      Defendants admit the statements in paragraph 13.

14.      Defendants admit that FSS produces and syndicates Alex Jones' radio and video talk shows from Austin, Texas, which air via radio stations and the InfoWars.com website, and

that FSS sells products.  Defendants lack knowledge to admit or deny the remainder of paragraph 14.

15.     Defendants admit the statements in paragraph 15.

16.     Regarding paragraph 16, Defendants admit that FSS sells "Supplements" and "Non-Supplements" on its website and that, prior to the Petition Date, FSS relied on PQPR to source the Supplements, that there were other vendors of Supplements that refused to supply product to FSS, and that PQPR purchased products with its own funds, which FSS/Alex Jones advertised and sold. Defendants deny the remainder of paragraph 16.

17.     Defendants admit the first sentence of paragraph 17.  Defendants deny the second sentence of paragraph 17.  PQPR purchased Supplements (as defined in the Complaint) using its own funds, which FSS advertised and sold to Alex Jones' audience.  FSS agreed to pay PQPR a portion of the amounts received from sales of PQPR products.  FSS charged PQPR a fulfillment fee for each product sold and charged PQPR for advertising and a share of administrative expenses. Defendants deny that no written agreement existed prior to November 2021.

18.     Defendants admit the statements in paragraph 18.

19.     Defendants admit that PQPR sells nutritional supplements as alleged in paragraph 19 but denied that it advertises its products exclusively through FSS/The Alex Jones Show.

20.     Regarding paragraph 20, JLJR is the manager of PQPR.  Carol Jones is the manager of JLJR.  David Jones is involved in managing the daily operations of PQPR.

21.     Defendants admit the statements in paragraph 21.

22.     Defendants admit the first and last sentences of paragraph 22 but deny the remainder of the paragraph.

23.     Defendants deny the statements in paragraph 23.  Alex Jones has an indirect 72% membership interest in PQPR via his indirect 90% ownership in PLJR.

24.     Defendants admit the statements in paragraph 24.

25.     Regarding paragraph 25, Defendants need not admit or deny conclusions of law, but to the extent necessary, Defendants deny that JLJR is an insider of FSS.

26.     Regarding paragraph 26, Defendants admit that prior to the Petition Date, PQPR ordered Supplements which FSS sold to its customers, that FSS collected payment from its customers through credit card transactions and deposited those payments into FSS's bank account and that FSS was continually delinquent in making payments due to PQPR from the sale of the products. Defendants deny that the remaining allegations of paragraph 26.

27.     Regarding paragraph 27, Defendants admit that, although FSS owed an outstanding balance to PQPR, PQPR continued to provide Supplements to FSS to sell on its website. Defendants deny that FSS remained in control of the proceeds of the sale of PQPR's products. FSS was required to make payments to PQPR or to suppliers on behalf of PQPR for the products purchased by PQPR and sold by FSS and for other costs in order to continue selling PQPR's products.

28.     Defendants admit the statements in paragraph 28.

29.     Defendants admit the statements in paragraph 29.

30.     Defendants admit the statements in paragraph 30.

31.     Defendants admit the statements in paragraph 31.

32.     Defendants admit the statements in paragraph 32.

33.     Defendants admit the statements in paragraph 33.

34.     Defendants admit that default judgments were entered on the dates stated in paragraph 34.

35.     Defendants admit the statements in paragraph 35.

36.     Defendants deny the first sentence of paragraph 24 and admit that the full balance owed to PRQR was not timely paid but admit the remainder of the paragraph.

37.     Defendants deny the statements in paragraph 37.

38.     In paragraph 38, Defendants deny overlapping ownership and common management between PQPR and FSS.  Defendants admit that at times, David Jones maintained an office at FSS' leased premises.  Defendants admit that David Jones was involved in FSS' business operations, but otherwise deny FSS' characterization of the relationship. Defendants admit that David Jones served as Director of Human Resources for FSS for a period of time. Defendants deny the last sentence of paragraph 38.

39.     Regarding paragraph 39, Defendants admit that PQPR operated out of FSS' physical space and shared certain FSS employees for specific functions. Defendants deny the remainder of paragraph 39.

40.     Defendants are unable to admit or deny the allegation in paragraph 40 because the allegation is vague and lacks specificity.

41.     Regarding paragraph 40, Defendants admit that FSS transferred payments to PQPR on the Secured Note and for other obligations during the year prior to the Petition Date but deny that PQPR received "Preference Payments" or avoidable transfers and deny that Exhibit A is a schedule of "Preference Payments".

42.     Defendants deny the statements in paragraph 42.

43.     Paragraph 43 is prefatory and does not require an admission or denial.

44.     Defendants deny the statements in paragraph 44.

45.     Regarding paragraph 45, Defendants admit that PQPR is a creditor but deny that it received Preferential Payments.

46.     Regarding paragraph 46, Defendants deny that PQPR received Preferential Payments.

47.     Regarding paragraph 47, Defendants deny that PQPR received Preferential Payments.

48.     Regarding paragraph 48, Defendants deny that PQPR received Preferential Payments.

49.     Paragraph 49 is admitted.

50.     Regarding paragraph 50, Defendants deny that PQPR received Preferential Payments.

51.     Regarding paragraph 51, Defendants deny that PQPR received Preferential Payments.

52.     Defendants deny the allegations in paragraph 52.

53.     Paragraph 53 is prefatory and does not require an admission or denial.

54.     Defendants admit the allegations in paragraph 54(a)-(c).  Defendants deny the allegations in paragraph 54(d).

55.     Defendants admit the allegations in paragraph 55 as to the transfers identified in paragraph 54(a)-(c) but deny the remaining allegations.

56.     Defendants deny the allegations in paragraph 56.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Paragraph 60 is prefatory and does not require an admission or denial.

61.     Defendants deny the allegations in paragraph 61.

62.     Defendants deny the allegations in paragraph 62.

63.     Paragraph 63 is prefatory and does not require an admission or denial.

64.     Defendants deny the allegations in paragraph 64.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants deny the allegations in paragraph 67.

68.     Paragraph 68 is prefatory and does not require an admission or denial.

69.     Paragraph 69 is a statement of law that need not be admitted or denied.

70.     Regarding paragraph 70, Defendants admit that PQPR received transfers but denies the remaining allegations.

71.     Defendants admit the allegations in paragraph 71.

72.     Defendants deny that they have any obligation to pay or surrender any payments or transfers to the Debtor as alleged in paragraph 72.

73.     Paragraph 73 does not require a response.

74.     Defendants deny the allegations in paragraph 74.

75.     Paragraph 75 is prefatory and does not require an admission or denial.

76.     Defendants admit the allegations in paragraph 76.

77.     Defendants admit the allegations in paragraph 77.

78.     Defendants admit the allegations in paragraph 78.

79.     Defendants deny the allegations in paragraph 79.

80.    Defendants deny the allegations in paragraph 80.

81.    Defendants deny the allegations in paragraph 81.

82.    Paragraph 82 is prefatory and does not require an admission or denial.

83.    Defendants deny the allegations in paragraph 83.

84.    Defendants deny the allegations in paragraph 84.

85.    Paragraph 85 is prefatory and does not require an admission or denial.

86.    Defendants admit the allegations in paragraph 86.

87.    Defendants deny the allegations in paragraph 87.

88.    Defendants deny the allegations in paragraph 88.

89.    Paragraph 89 does not require a response.

AFFIRMATIVE DEFENSES

90.    To the extent any transfers were made to Defendants by the Debtor which the Court would otherwise determine to be avoidable under 11 USC §§547, such transfers are not avoidable because such transfers were either:

   a. intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and in fact a substantially contemporaneous exchange;

   b. in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was made in the ordinary course of business or financial affairs of the debtor and the transferee; or made according to ordinary business terms;

   c. created a security interest in property acquired by the debtor to the extent such security interest secured new value that was given at or after the signing of a security agreement that contains a description of such property as collateral; given by or on behalf of the secured party under such agreement; given to enable the debtor to acquire such property; and in fact used by the debtor to acquire such property; and that is perfected on or before 30 days after the debtor receives possession of such property;

8

    d.  after such transfer, such creditor gave new value to or for the benefit of the debtor, not secured by an otherwise unavoidable security interest; and on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor; or

    e.  that creates a perfected security interest in inventory or receivable or the proceeds of either, except to the extent that the aggregate of all such transfers to the transferee caused a reduction, as of the date of the filing of the petition and to the prejudice of other creditors holding unsecured claims, of any amount by which the debt secured by such security interest exceeded the value of all security interests for such debt on the later of with respect to a transfer to which subsection (b)(4)(A) of this 11 U.S.C. §550 applies, 90 days before the date of the filing of the petition; or with respect to a transfer to which subsection 11 U.S.C. §550 (b)(4)(B) of this section applies, one year before the date of the filing of the petition; or the date on which new value was first given under the security agreement creating such security interest;

91.    To the extent the Court determines that any transfers are avoidable under 11 U.S.C. §547 and that Defendants were immediate or mediate transferees under 11 U.S.C. §550, Plaintiff is not entitled to recover any transfers to Defendants because such transfers were taken for value, in good faith, and without knowledge of the avoidability of the transfer avoided or Defendants were transferees of an immediate or mediate good faith transferee.

Dated: September 22, 2023          Respectfully Submitted:

                              Stephen A. Roberts, PC

                              Stephen A. Roberts
                              Tx Bar Number 17019200
                              1400 Marshall Ln
                              Austin, TX 78703
                              (512) 431-7337
                              sroberts@srobertslawfirm.com

                              Counsel for David Jones, Carol Jones, and AEJ Austin Holdings LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing instrument has been served on this 21st h day of September 2023, served via this Court's CM/ECF notification system to those parties registered for service upon filing of the same.

_____

Stephen A. Roberts