UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**FREE SPEECH SYSTEMS LLC,**<br><br>Debtor. | § <br>§ **Chapter 7**<br>§<br>§ **Case No. 22-60043 (CML)**<br>§<br>§<br>§<br>§ |
| **FREE SPEECH SYSTEMS, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**PQPR HOLDINGS LIMITED LLC, JLJR HOLDINGS LLC, PLJR HOLDINGS, LLC, AEJ AUSTIN HOLDINGS LLC, AEJ 2018 TRUST, CAROL JONES and DAVID JONES**<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ **Adversary No. 23-03127**<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**MOTION OF THE TRUSTEE TO DISMISS
CLAIMS AGAINST THE SETTLING DEFENDANTS**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

17134392

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7041 of the Federal Rules of Bankruptcy Procedure, Christopher R. Murray, the Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate of Alexander E. Jones, files this motion to dismiss the complaint against PQPR Holdings Limited LLC ("PQPR"), JLJR Holdings LLC ("JLJR"), PLJR Holdings LLC ("PLJR"), Carol Jones, and David Jones (PQPR, JLJR, PLJR, Carol Jones, and David Jones, together, the "Settling Defendants"). In support thereof, the Trustee respectfully states as follows:

## REQUESTED RELIEF

1. The Court entered an order approving the settlement of certain claims and causes of action against the Settling Defendants. The settled claims included the claims asserted against the Settling Defendants in this adversary proceeding. The 9019 Order (as defined below) requires the Trustee file pleadings necessary to dismiss this adversary proceeding with prejudice against the Settling Defendants. The Trustee now seeks entry of an order substantially in the form attached hereto (the "Order") dismissing the Amended Complaint (as defined below) against the Settling Defendants in accordance with the 9019 Order.

## BACKGROUND

2. PQPR is owned by PLJR (80%) and JLJR (20%). PLJR is owned by Carol Jones (10%) and Alex Jones, indirectly through another entity (90%). David Jones and Carol Jones own 100% of JLJR. The net effect is that David Jones and Carol Jones indirectly own 28% of PQPR, and Alex Jones, indirectly owns 72% of PQPR.

3. On July 29, 2022, Free Speech Systems, LLC ("FSS") filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code in Case No. 22-60043 (the "FSS Case") [*See* FSS Case, Docket No. 1].

2

17134392

4. On October 6, 2022, PQPR filed Claim No. 11 in the FSS Case, asserting a secured claim of $68,154,691.46 (the "PQPR Claim"). The PQPR Claim is allegedly evidenced by two Promissory Notes dated August 13, 2020, and November 10, 2021, respectively (collectively, the "Promissory Notes"), and allegedly secured by a lien (the "PQPR Lien") on all assets of FSS pursuant to a Security Agreement dated August 12, 2020 (the "Security Agreement").

5. On December 2, 2022, Alexander E. Jones ("Alex Jones") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in Case. No. 22-33553 (the "Jones Case").

6. On July 14, 2023, FSS initiated Adversary Proceeding No. 23-03127 (the "FSS Adversary Proceeding") against the PQPR, PLJR, JLJR, Carol Jones, David Jones, AEJ 2018 Trust, and AEJ Austin Holdings, LLC. On July 31, 2023, FSS filed its *Amended Complaint* (the "Amended Complaint") against PQPR, PLJR, JLJR, David Jones, Carol Jones, AEJ Austin Holdings, LLC, and AEJ 2018 Trust [FSS Adversary Proceeding, Docket No. 5]. In its Amended Complaint, FSS asserted claims against the defendants for (i) the avoidance and recovery of certain transfers pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code, (ii) the disallowance of the PQPR Claim pursuant to sections 502(b) and 502(d) of the Bankruptcy Code, (iii) subordination of the PQPR Claim pursuant to section 510 of the Bankruptcy Code, and (iv) the avoidance of alleged liens on certain FSS Assets (as defined below) securing the PQPR Claim pursuant to section 506(d) of the Bankruptcy Code [*See* FSS Adversary Proceeding, Docket No. 5].

7. On July 21, 2023, the Texas Plaintiffs[1] and Connecticut Plaintiffs[2] filed their *Joint Motion of the Sandy Hook Families for Entry of an Order Pursuant to Federal Rule 24 and*

---

[1] "Texas Plaintiffs" means Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine.

[2] "Connecticut Plaintiffs" means Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Erica Ash.

3

17134392

*Bankruptcy Rule 7024 Permitting Intervention in PQPR Adversary Proceeding* [FSS Adversary Proceeding, Docket No. 2]. On November 28, 2023, the Court entered an order permitting the intervention of the Texas Plaintiffs and the Connecticut Plaintiffs in the FSS Adversary Proceeding [FSS Adversary Proceeding, Docket No. 22].

8. On September 22, 2023, the defendants in the FSS Adversary Proceedings filed their answers to FSS's Amended Complaint [*See* FSS Adversary Proceeding, Docket Nos. 17, 18, 19, 20], and PQPR, JLJR, and PLJR filed a supplemental answer on November 6, 2023 [FSS Adversary Proceeding, Docket No. 21].

9. Alex Jones continued managing his assets as debtor and debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until June 14, 2024 (the "Conversion Date"). On June 14, 2024, the Court converted the Jones Case to a case under chapter 7, pursuant to an *Order Converting Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code* [Jones Case, Docket No. 708].

10. On the Conversion Date, the U.S. Trustee appointed Christopher R. Murray as the Chapter 7 Trustee in the Jones Case.

11. On June 21, 2024, for the reasons stated at the June 14 hearing, the Court entered an order dismissing the FSS Case (the "Dismissal Order"), while retaining exclusive jurisdiction over several adversary proceedings and the approval of professional fees and expenses [*See* FSS Case, Docket Nos. 955 and 956]. The Court retained jurisdiction over the FSS Adversary Proceeding and this Creditors' Fraudulent Transfer Action.

12. Alex Jones's bankruptcy estate holds 100 percent of the outstanding membership interests in FSS, the Trustee has control over the bank accounts and cash of FSS pursuant to the Court's Dismissal Order, and the Court's *Order Supplementing Order Dismissing Case* deemed

4

17134392

the assets of FSS vested in Alex Jones's bankruptcy estate as of the entry of the Dismissal Order and were from that date under control of the Trustee [FSS Case, Docket No. 1021].

13. FSS is an entity that owns and operates the Infowars media platform, and owns valuable assets including cash, receivables, intellectual property rights, production equipment and facilities, vehicles, real estate, and other property (the "FSS Assets"). The Trustee is in possession of the FSS Assets, including the causes of action asserted in the FSS Adversary Proceeding.

14. On January 3, 2025, the Trustee filed the *Expedited Motion for Entry of an Order Approving Settlement Amongst the Trustee, PQPR Holdings Limited LLC, David Jones, Carol Jones, PLJR Holdings LLC, and JLJR Holdings LLC Pursuant to Federal Rule of Bankruptcy Procedure 9019* [Case No. 22-33553, Docket No. 1005] (the "PQPR 9019 Motion").

15. On February 2, 2025, the Court entered the *Stipulation and Agreed Order Settling Controversies Amongst the Chapter 7 Trustee, PQPR Holdings Limited LLC, JLJR Holdings LLC, PLJR Holdings LLC, Carol Jones, and David Jones Pursuant to Federal Rule of Bankruptcy Procedure 9019* [Case No. 22-33553, Docket No. 1054] ("9019 Order").

16. The 9019 Order provides:

> The Trustee, on behalf of FSS, and all of the representatives, successors and assigns, and all other persons that have or could potentially derive rights through FSS, including claims brought by creditors of FSS, **irrevocably and unconditionally releases, waives, acquits, and forever discharges the [Settling] Defendants**, and each of their respective agents, attorneys, and representatives, whether past, present, or future from any and all claims, actions, causes of action, proceedings, adjustments, offsets, contracts, judgments, obligations, suits, debts, dues, sums of money, accounts, damages, demands, agreements, promises, liabilities, controversies, costs, expenses, attorneys' fees, and losses **arising out of the Promissory Notes; the Security Agreement; the PQPR Lien; theories that PQPR is the alter ego of FSS; or claim of FSS (directly or indirectly) against [Settling] Defendants pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code** or Chapter 24 of the Texas Business and Commerce Code; whether at law or in equity, which FSS has against the [Settling] Defendants, including, but not limited to, **those asserted in the Adversary Proceeding** or the Creditors' Fraudulent Transfer Proceeding (the "Released FSS Claims"); *provided*

> *that* such release shall not apply to [Settling] Defendants' obligations under this Stipulation and Agreed Order.  Notwithstanding anything to the contrary herein, nothing in this Stipulation and Agreed Order shall affect or otherwise release any claims or causes of action the Trustee, on behalf of Alex Jones's estate, FSS, or any other entity in which the Alex Jones estate owns an interest, may have against any trustees, co-trustees, beneficiaries, and/or settlors of any trusts to the extent the claims relate to property of FSS and/or Alex Jones's estate transferred to the trusts/trustees, and such claims shall not constitute Released FSS Claims.  All rights and defenses with respect to such claims and causes of action are expressly reserved.  For the avoidance of doubt, the Trustee is not releasing any claims on behalf of the Alex Jones personal chapter 7 bankruptcy estate and is not releasing any claims or causes of action against the [Settling] Defendants held by FSS except the Released FSS Claims.

9019 Order, ¶ 4(a) (emphasis added).

## BASIS FOR RELIEF

17. Under Rule 41 of the Federal Rules of Civil Procedure, except as otherwise provided, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  The 9019 Order states that, the Trustee will, on behalf of Free Speech Systems, LLC ("FSS"),

> irrevocably and unconditionally releases, waives, acquits, and forever discharges the [Settling] Defendants … arising out of the Promissory Notes; the Security Agreement; the PQPR Lien; theories that PQPR is the alter ego of FSS; or claim of FSS (directly or indirectly) against [Settling] Defendants pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code … including, but not limited to, those asserted in the Adversary Proceeding …

9019 Order, ¶ 4(a). The 9019 Order additionally provides that the Trustee will dismiss the FSS Adversary Proceeding with prejudice as to the Settling Defendants.  *See* 9019 Order, ¶ 6.  The PQPR 9019 Motion was filed on January 3, 2025.  On February 2, 2025, the Court entered the 9019 Order.  No party raised any objections—formally or informally—to the PQPR 9019 Motion or the 9019 Order before the order was entered.  In accordance with the Court's order and the Federal Rule 41, the Trustee believes the dismissal of the Amended Complaint with respect to the Settling Defendants is justified.

17134392

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court dismiss the Amended complaint as to the Settling Defendants in the FSS Adversary Proceeding in accordance with the proposed Order attached hereto.

Dated: March 18, 2025
Houston, Texas

                                          Respectfully submitted,

By: */s/ Joshua W. Wolfshohl*
    Joshua W. Wolfshohl (Bar No. 24038592)
    Michael B. Dearman (Bar No. 24116270)
    Jordan T. Stevens (Bar No. 24106467)
    Kenesha L. Starling (Bar No.24114906)
    **PORTER HEDGES LLP**
    1000 Main Street, 36th Floor
    Houston, Texas 77002
    Telephone: (713) 226-6000
    Facsimile: (713) 226-6248
    jwolfshohl@porterhedges.com
    mdearman@porterhedges.com
    jstevens@porterhedges.com
    kstarling@porterhedges.com

    *and*

Erin E. Jones (TX 24032478)
**JONES MURRAY LLP**
602 Sawyer Street, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Fax: (832) 529-3393
erin@jonesmurray.com

*Counsel for Christopher R. Murray, Chapter 7 Trustee*

17134392

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing document was served on March 18, 2025 on all parties receiving ECF service in the above-captioned case.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

17134392